**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSEPH BRILLHART, LAURA BRILLHART, AND SALLY CLARK,** | § § § | |
| **Plaintiffs,** | § § § | |
| | § | **CIVIL ACTION NO. 1:24-cv-00701** |
| **v.** | § § | |
| **CITY OF FREDERICKSBURG,** | § § | |
| **Defendant.** | § | |

---

**NOTICE OF REMOVAL OF DEFENDANT**

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

NOW COMES Defendant City of Fredericksburg ("Defendant," "Removing Defendant," or "the City"), and files this notice of removal. As grounds for removal, Defendant states the following:

**I.**

**STATE COURT LITIGATION**

1.01. The City of Fredericksburg, Texas, is Defendant in the case styled *Joseph Brillhart, Laura Brillhart, and Sally Clark v. City of Fredericksburg*, in Cause No. 24-17840CCL, and is pending in the 216th Judicial District Court of Gillespie County, Texas ("the state court litigation") located at 700 Main Street, Second Floor, Kerrville, Texas 78028, Texas, before the Honorable Sid Harle.

## II.

## ATTACHMENTS

2.01.  A true and correct copy of: (1) all pleadings that assert causes of action; (2) all answers to such pleadings; (3) all process served on Defendants; and (4) all orders served on Defendants are being filed with this notice as required by 28 U.S.C. § 1446(a).

## III.

## TIMELINESS OF REMOVAL

3.01.  The state court litigation commenced on June 19, 2024, with the filing of Plaintiffs' Original Petition. In Plaintiffs' Original Petition, Plaintiffs bring claims for alleged unconstitutional regulatory takings prohibited by the United States and Texas Constitutions' due process and due course of law provisions. U.S. Const. amend. V, IX; Tex. Const. art. I §§ 17, 19. Thus, this notice of removal is timely filed under 28 U.S.C. § 1446(b) within 30 days of receipt and service of the initial pleading setting forth the claims for relief over which this Court has jurisdiction.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S. Ct. 1322, 1325-26 (1999).

## IV.

## GROUNDS FOR REMOVAL

4.01.  Within the meaning of 28 U.S.C. §1446(b), Plaintiffs' Original Petition, which is attached, raises claims from which Removing Defendant was first able to ascertain that this case is one which is removable.  Specifically, Plaintiff has asserted, in paragraphs I, IV and VII of Plaintiffs' Original Petition, claims under the Constitution of the United States United States and Texas Constitutions' due process and due course of law provisions. U.S. Const. amend. V, IX;

Tex. Const. art. I §§ 17, 19.

4.02.    Under federal law, federal courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. §§ 1331 and 1441(c).  Plaintiffs' claims arise under the United States and Texas Constitutions' due process and due course of law provisions.  U.S. Const. amend. V, IX; Tex. Const. art. I §§ 17, 19.  over which this Court has original jurisdiction pursuant to 28 U.S.C.A. § 1331, and may be removed to this Court by the Defendant pursuant to 28 U.S.C.A. § 1441(c).

## V.

## VENUE

5.01.  Venue of the state court litigation lies in Gillespie County, Texas.  Therefore, this action must be removed to this Court as the district and division embracing the place where the state action is pending, pursuant to 42 U.S.C. § 1446(a).  *See* 28 U.S.C. § 124(a)(2).

## VI.

## NOTICE TO PARTIES AND STATE COURT

6.01.  Upon the filing of this Notice with the Federal District Court, the Removing Defendant will give notice of this filing to Plaintiff and will also file a copy of this Notice with the Clerk of the 216th District Court of the State of Texas, Gillespie County, where the action is currently pending, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Removing Defendant prays that the above-entitled action be removed from the 216th District Court of Gillespie County, Texas, to this Honorable Court.

Respectfully submitted,

*/s/ Ashley D. Dierker*

William M. McKamie
Texas Bar No. 13686800
mmckamie@toase.com

Ashley D. Dierker
Texas Bar No. 24065399
adierker@toase.com

Tammy Ardolf
Texas Bar No. 90001536
tardolf@toase.com

Rachel Raggio
Texas Bar No. 24126598
rraggio@toase.com

**Taylor Olson, Adkins, Sralla & Elam, L.L.P.**
6000 Western Place
Suite 200
Fort Worth, Texas   76107
Phone: 817-332-2580
Fax: 817-332-4740
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On June 24, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case file system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

**Welsley K. Reeh**
**Email:   wreeh@reehandschwinglaw.com**

**Robert "Britt" Schwing**
**Email:   rschwing@reehandschwinglaw.com**

**Reeh & Schwing Law Firm**
**1403 Cross Street**
**Fredericksburg, Texas   78624**

*/s/Ashley D. Dierker*

Ashley D. Dierker

PLAINTIFFS' ORIGINAL PETITION

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

CAUSE NO. ___24-17840CCL___

| | | |
|---|---|---|
| JOSEPH BRILLHART, LAURA BRILLHART, AND SALLY CLARK | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| | § | |
| V. | § | 216th JUDICIAL DISTRICT |
| | § | |
| CITY OF FREDERICKSBURG | § | |
| Defendant, | § | OF GILLESPIE COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION**

## I.        INTRODUCTION

The City of Fredericksburg (the "City") forbids homeowners from renting out their homes as short-term rentals ("STR(s)") unless they obtain a STR permit. In truth, however, it is a total ban on STRs. Those who operate STRs, and have done so long before the City's STR ordinances came into effect, are targeted by enforcement to have arbitrary, unwritten, contradictory requirements that make it impossible for a property owner to escape the STR ordinance.

While the City has made an unrelenting effort to push out all existing and would be homeowners from renting out their homes as STRs, the United States and Texas Constitution would cry foul. Both forbid cities from taking a vested right in an allowed money-making venture, such as the short-term renting of a home as allowed under prior law, without either (1) grandfathering those who invested money and entered into contracts for future performance; or (2) allowing a reasonable recoupment period. While Fredericksburg allowed grandfathering, it did so under the condition that those supposedly grandfathered must qualify under the 2022 and 2024 ordinance, and in the event that the homeowners do not become in compliance their arbitrary and

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

confusing requirements within a very short and strict timeframe, the City effectively voids that homeowners' right to be grandfathered. Despite having previously operated as an STR before the City's STR ordinances came into effect, and in some cases, such as the plaintiff Homeowners here, being granted express permission by the City. Permission for which homeowners have made significant investments in reliance of their continued ability to rent their property as an STR. In addition, the recitals in the new ordinance declare various findings concerning short-term rentals which are, variously, false, illogical, or without any basis. Due process forbids ordinances which are not rationally related to a legitimate governmental interest or else are so burdensome as to be oppressive. Additionally, Texas law preempts the City's new ban. The Texas Legislature has made short-term rentals a lucrative source of state revenue. A city ordinance which bars the state from earning the very revenue it expressly targets is void.

## II.    DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiffs intend to conduct discovery in this case pursuant to Level 2, as set forth in Texas Rules of Civil Procedure 190.

## III.    PARTIES AND SERVICE

2.    Plaintiffs, JOSEPH BRILLHART and LAURA BRILLHART, a married couple, are Texas residents residing at 782 Ranch Road 1631, Fredericksburg, Texas 78624.

3.    Plaintiff, SALLY CLARK, is a Texas resident residing at 207 West Travis, Fredericksburg, Texas 78624.

4.    Defendant, CITY OF FREDERICKSBURG ("City"), is a home-rule municipality with a council-manager structure headquartered in Gillespie County, Texas. The City may be

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

served by and through the City Secretary, Melinda Uriegas, at 126 West Main Street, Fredericksburg, Texas 78624, pursuant to Tex. Civ. Prac. & Rem. Code § 17.024(b).

5.      The Attorney General of Texas must also be served with the petition and is entitled to be heard because this is a constitutional challenge to an ordinance. Tex. Civ. Prac. & Rem. Code § 37.006(b). The Attorney General of Texas may be served at Service of Process Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.

## IV.    JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over all Parties, individuals who reside within the State of Texas.

7.      This Court has subject-matter jurisdiction over this case because Plaintiffs seek to vindicate vested rights under the United States and Texas Constitutions' due process and due course of law provisions. U.S. Const. amend. V, IX; Tex. Const. art. I §§ 17, 19. They seek to have their rights declared pursuant to the authority granted to the district courts by the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code Ch. 37. They seek injunction under Tex. Civ. Prac. & Rem. Code Ch. 65.

8.      Plaintiffs raise constitutional challenges so sovereign immunity is inapplicable. *Patel v. Texas Dep't of Licensing & Regulation*, 469 S.W.3d 69, 75 (Tex. 2015). In any event, as concerns an unconstitutional taking, sovereign immunity from suit does not protect the government from a claim for compensation under the takings clause. *State v. Holland,* 221 S.W.3d 639, 643 (Tex. 2007).

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

9.    Venue in Gillespie County is proper in this cause under Sections 15.002(a)(3) and 65.023 of the Civil Practice and Remedies Code.

## V.    RULE 47 ALLEGATION

10.    For purposes of the mandatory allegation of Tex. R. Civ. P. 47, this suit seeks monetary relief of $1,000,000 or more and non-monetary relief.

## VI.    FACTS[1]

### A.  The Prior Ordinances Did Not Bar Short-Term Rentals

11.    Prior to January 2, 2018, the City of Fredericksburg allowed its residents to lease their homes. Included within this right, the City of Fredericksburg allowed its residents to lease their homes for short terms of less than 30 days and accepted their local hotel occupancy tax payments accordingly. Homeowners, including the Plaintiffs, invested money to buy and improve properties to become STRs and entered into rental contracts stretching into the future. They in all ways stood upon the City's blessing of – and acquiescence in – short term home rentals.

12.    A STR is an ordinary home lease but with shorter term than a year and in most cases less than a month. There is no agreed-upon definition for the dividing line between a "short-term" and "long-term" lease. *See generally Tarr v. Timberwood Park Owners Assoc.,* No. 16-1005, 2018 WL 2372594 (Tex. 2018) (rejecting arguments that rentals of some minimum duration are business use, abrogating cases setting various time limits). Even so, State of Texas and local governmental units such as municipalities impose a tax for occupancy periods of less than 30 days;

---

[1] The affidavits by the several plaintiffs, attached hereto as Exhibits A-B, verify the allegations herein and are incorporated by reference for all parties.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

these are usually called a "hotel tax" or "HOT tax." STRs are usually fully-furnished homes where the owner may or may not also use the home when renters are not present. *See, e.g., Boatner v. Reitz*, No. 03-16-00817-CV, 2017 WL 3902614, at *1 (Tex. App. –Austin 2017, not pet.)(owners of vacation home who rented out the home when not using it themselves were not engaged in a "business use" of the home).

13.     STR's have been around for long time, now with the internet it has become more accessible to the ordinary homeowner to reach out to prospective tenants. And in turn an investment opportunity presented itself to homeowners. Separately, the City was making money by taxing STRs, thereby impliedly allowing (indeed, blessing) such rentals. The Fredericksburg hotel tax provisions define "hotel" broadly to encompass any "building" in which members of the public obtain sleeping accommodations for consideration.[2]

14.     Suddenly, on January 2, 2018, the City passed an ordinance making it unlawful to operate a STR without a valid STR permit.[3] Property owners quickly completed their applications for a STR permit, and in some cases, such as with the Plaintiffs, invested in changes to their property in order to conform with the City's new permitting standards.

**B.  Fredericksburg Abruptly Bans STR's in R-1 Zoning**

15.     Unsatisfied that the 2018 STR ordinance did enough to police STRs, in 2022 the City adopted several sweeping changes to the STR ordinance, including the restriction of STRs to detached or owner-occupied structures and the implementation of the conditional use permit for

---

[2] *See* City of Fredericksburg, Texas Code of Ordinances Art. IV, §§ 41-68 *et seq*.
[3] *See* City of Fredericksburg, Texas Code of Ordinances Art. V, §§ 23.100-23.108 *et seq*. Hereinafter, the "2018 Ordinances."

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

unoccupied single family residential dwellings. Property owners could only qualify for a conditional use permit in the event that two (2) or more lot lines were abutting a lawfully permitted short-term rental, and 75% or more of the properties on the same side of the street were lawfully permitted short-term rentals.[4]

### C. Fredericksburg Includes R-2 and R-3 in their STR Ban

16.     To make a bad situation even worse, the City approved the 2024 STR ordinance which treated R-2 zoning similar to the R-1 zoning and completely banned STRs from R-3 zoning.[5] The City announced an ostensible exception to apply in the event the property is already surrounded by STRs. Since 2018, when the City began its mission of denying new applications and sunsetting existing STR permit holders, the likelihood for this exception to apply is virtually impossible. This placed homeowners already facing an abrupt loss of income and breach of contract claims at the mercy of their neighbors maintaining their own short term rental permits, or else risk losing or not even qualifying for their own.

17.     This false 'grandfather' status was not

### D. Homeowners Invested and Contracted in Reliance on the Prior Ordinances

18.     The plaintiff Homeowners all own homes in the City of Fredericksburg and are subject to the City's ordinances.

---

[4] *See* City of Fredericksburg, Texas Code of Ordinances Art. VII, §§ 3.100-5.460 *et seq*. Hereinafter, the "2022 Ordinances."

[5] *See* City of Fredericksburg, Texas Code of Ordinances Art. VII, §§ 20.220-226. *et seq*. Hereinafter, the "2024 Ordinances."

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

19.     Each of the Homeowners purchased or otherwise invested money in Fredericksburg homes specifically to rent out their homes for less than 30 days and in reliance on the City ordinances as they existed prior to 2022.

20.     Each of the Homeowners fully furnished and decorated their homes to make them suitable and attractive for tenants seeking short-term rentals.

21.     Each Homeowner advertises on a leasing website such as VRBO, Homeaway, or AirBnB.

22.     Prior to investing in any sort of improvements to their property, Joseph Brillhart ("Brillhart"), A-1, called, emailed, or met with City of Fredericksburg Planning and Zoning officials and asked if STRs were restricted in any way. His property was inspected and he was given a number of items that needed to addressed before he could start lease his property as an STR. Among the items that needed to be addressed was the construction of a breezeway connecting the two buildings on his property. Brillhart constructed the breezeway, along with making a number of other costly improvements, in reliance of the City's ordinances prior to 2022. Brillhart was granted a permit in 2018 and rented out the property as an STR. Brillhart was employed as a teacher working in the City and depended on renting out his property as an STR to supplement his income. Sally Clark ("Clark"), B-1, who had already owned her property for some years, reached out to the City as well, asked the same questions, and was given items that needed to be addressed on her property just as with Brillhart. Clark made costly improvements to her property, obtained her STR permit in 2018, and began renting it out as an STR. Clark is a retired author who depended on renting out her property as an STR to supplement her retirement and maintain her family homes.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

Both Brillhart and Clark, took from these meetings and conversations with City officials that the City allowed STRs.

23.    It is generally understood that, for various reasons including the large and growing market that has developed for STR's, the income from short-term rentals can be significantly greater than that afforded by long-term rentals. This STR income is vital to all the Homeowners in this case; all planned on it and depended on it when investing and making improvements. The City for its part certainly encourages this market and promotes Fredericksburg as a place with 'small-town charm' to visit and stay at local bed and breakfast or STR. However, when it comes to homeowners such as the Plaintiffs from sharing in this growing market, the City would rather snuff them out in their entirety.

24.    The Homeowners' individual investment and STR income experiences, as set out more fully in their sworn affidavits attached to this petition, are as follows:

a.    Joseph Brillhart has owned 416 S. Milam, Fredericksburg, Texas since 2015. He learned about short-term rentals in 2015 and had personal, social, and financial reasons to invest in them, and was the reason he purchased his property. He uses the rental income to cover his investment and improvement costs, pay down debt, cover expenses, supplement his income and help pay for the property purchase. After the 2018 Ordinances were enacted, he invested more into the property, specifically over $35,000 in the construction of a breezeway which was necessary for classification purposes.

b.    Sally Clark has owned 208 W. Travis, Fredericksburg, Texas since 2015. In 2001, she retired. In 2017, she observed that short term rentals had exploded in Fredericksburg, creating a broader, more lucrative rental market than that of long-term rentals. To fully furnish and otherwise ready the home for short-term renters, she made significant investments in repairs and improvements. She began renting out her property as a STR in 2017, and made additional improvements to the property after the 2018 Ordinance in order to be in compliance and ultimately did obtain a permit from the City to continue to rent her property as a short term rental.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

25.    The rentals at issue are ordinary home rentals. None of the Homeowners rent out individual rooms, or have employees staffing their rental properties, or maintain a front desk  or concierge there, or otherwise operate an ongoing business concern upon their rental properties. They do not allow tenants to operate businesses at the rental properties.

26.    Both, Brillhart and Clark, have paid to the City of Fredericksburg in local short-term occupancy taxes, all of which remittances the City has accepted and kept.

27.    Each of the Homeowners stands to lose, at a minimum: (1) a portion of the money they invested in purchase and/or improvements to the properties, (2) rental income in the future which they counted on, and (3) money (damages to third parties) for breaching contracts for future performance. These Homeowners need several years to recoup their investment, and certainly should have been able to retain their 'grandfathered' status, as both were lawfully operating as STRs in 2018 and long before that.

### E.  The State of Texas Regulates and Taxes STRs

28.    Texas courts have cemented leasing as a basic, sacrosanct property right. The "right to acquire and own property, and to deal with it and use it as the owner chooses, so long as the use harms nobody, it is a <u>natural</u> right." *Spann v. City of Dallas*, 111 Tex. 350, 356 (Tex. 1921); *see also Barber v. Texas Dep't of Transp.*, 49 S.W.3d 12, 18 (Tex. App.—Austin 2001), *rev'd on other grounds*, 111 S.W.3d 86 (Tex. 2003); *see also French v. Chevron U.S.A. Inc.*, 896 S.W.2d 795, 797 (Tex. 1995)(right to lease out property part of the bundle of sticks usually conveyed with title.); *Calcasieu Lumber Co. v. Harris*, 13 S.W. 453, 454 (1890) ("the right to lease [property] to others, and therefore derive profit, is an incident of [fee] ownership."); *Markley v. Martin*, 204

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

S.W. 123, 125 (Tex. Civ. App.—San Antonio 1918, writ ref'd)("An owner has the absolute right to lease her property and collect rents.")

29.    Texas legislature also agrees. Within the broad common-law leasing right, statutory law as enacted in residential leasing regulation in Chapter 92 of the Property Code. Chapter 92 applies "to the relationship between landlords and tenants of residential real property." *See* Tex. Prop. Code § 92.002. This chapter does not restrict or bar STRs. That is not an oversight but is deliberate. Evidence of the Legislatures intent <u>not</u> to restrict temporary housing is shown in Section 92.010, where the statewide maximum lease occupancy statute allows persons "seeking temporary sanctuary" to remain at a leasehold premises for 30 days even if the maximum occupancy cap is exceeded. Clearly the Legislature understood the concept of temporary leasing or leasing for less than 30 days.

30.    More recently, the Legislature added language to the state hotel occupancy tax which expressly makes STR's a source of state revenue: the short terms rental of a home was included in the statutory definition of "hotel." *See* Tex. Tax Code § 156.001(b); § 156.101 (applicability to rentals of less than 30 days). Thus, while the Legislature understood the concept of STR's and even went out of its way to get revenue from them, it also left them almost completely unregulated, indicating a deliberate desire to allow them.

## VII.    CLAIMS FOR RELIEF

### A.    DECLARATORY JUDGMENT

31.    Paragraphs 1 through 30 of Plaintiffs' Original Petition are hereby incorporated by reference in this section.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

32.     The district court is empowered to declare the constitutional invalidity of a city ordinance. The Texas Declaratory Judgment Act provides in relevant part as follows:

> A person...whose rights, status, or other legal relations are affected by a...municipal ordinance...may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Tex. Civ. Prac. & Rem. Code § 37.004(a).

### 1. The Fredericksburg STR Ordinance Is An Unconstitutional Regulatory Taking

33.     While ordinances generally are presumed constitutional, zoning ordinances are construed more strictly. *See City of Kermit v. Spruill*, 328 S.W.2d 219, 223 (Tex. Civ. App. 1959, writ refused n.r.e.). "Any regulation of land use is in derogation of the common law." *Town of Annetta S. v. Seadrift Dev., L.P.*, 446 S.W.3d 823, 830 (Tex. App. – Fort Worth 2014) (citing *Thomas v. Zoning Bd. of Adjustment*, 241 S.W.2d 955, 957 (Tex.Civ.App.-Eastland 1951, no writ) and *Bryan v. Darlington*, 207 S.W.2d 681, 683 (Tex.Civ.App.-San Antonio 1947, writ ref'd n.r.e.)("All restrictions of the free use of land are in derogation of the common law right to use land for all lawful purposes that go with the title and possession, and are to be construed strictly against the person creating or attempting to enforce such restrictions.")).

34.     This is a regulatory takings case. The U.S. and Texas Constitutions both bar the government from taking private property without adequate compensation. *See* U.S. Const. amend. V; Tex. Const. art. 1. § 17; *see generally Mayhem v. Town of Sunnyvale*, 964 S.W.2d 922, 939 (Tex. 1998). The plaintiff Homeowners ask that the court declare the Fredericksburg STR ban an unconstitutional regulatory taking.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

35.     Three types of physical regulatory taking occur where: (1) regulation compels "the property owner to suffer a physical 'invasion' of his property," (2) regulation "denies all economically beneficial or productive use of the land," or (3) regulation "does not substantially advance legitimate state interests." *Sheffield Dev. Co., Inc. v. City of Glenn Heights*, 140 S.W.3d 660, 671 (Tex. 2004).

36.     Apart from physical takings, there are instances, as is the case here, "where regulation has gone too far and become *too much like a physical taking*." *Vill. of Tiki Island v. Ronquille*, 463 S.W.3d 562, 575 (Tex. App. – Houston [1st Dist.] 2015, no pet.) (emphasis added). Such cases require "a careful analysis of how the regulation affects the balance between the public's interest and that of private landowners." *Sheffield* 140 S.W.3d at 671 (citing *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978)). Each such case turns on its facts, but some guiding considerations ("*Penn Central* factors") are as follows:

> (1) the economic impact of the regulation on the claimant;
>
> (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and
>
> (3) the character of the governmental action.

*Vill. of Tiki Island*, 463 S.W.3d at 575 (internal citations omitted)(quoting *Sheffield* and federal precedent).

37.     The foregoing factors are not formulaic. *Id*. For example, "the economic impact of a regulation may indicate a taking even if the landowner has not been deprived of all

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

economically beneficial use of his property." *Id*. The court must consider all of the surrounding circumstances, *Mayhew*, 964 S.W.2d at 933, and apply "a fact-sensitive test of reasonableness," *City of College Station v. Turtle Rock Corp.*, 680 S.W.2d 802, 804 (Tex. 1984).

38.     In situations where an existing money-making use of property is suddenly barred, one form of relief to the property owner is allowing the owner to continue the "nonconforming use"[6] for a period of years in order to recoup their investment and avoid losses or damages. *See, e.g., See City of University Park v. Benners,* 485 S.W.2d 773, 777-779 (Tex. 1972). (25-year recoupment period); *Mbogo v. City of Dallas*, No. 05-17-00879-CV, 2018 WL 3198398, at *7 (Tex. App. – Dallas June 29, 2018, pet. filed) (mem. op.) (14-year grace period was sufficient). Another solution is to simply grandfather an affected owner's use. *See Village of Tiki Island*, 463 S.W.3d at 586.

39.     In the *Village of Tiki Island* case cited above, the city passed an ordinance in 2014 barring STR's. However, the homeowner in that case had invested in a house in 2007 premised on doing short-term rentals, and they had contracts extending out into the future. This amounted to a vested right in a use which predated the ban on such uses. *Id*. Despite this, the city did not allow the homeowner either recoupment or grandfathering. The homeowner sued for a regulatory taking and succeeded:

> [Homeowner] has been renting [their] Tiki Island home short-term since 2007. [Homeowner] bought it as an investment for the purpose of rentals, and made substantial improvements to the property. Tiki Island's 2014 ordinance banning short-term rentals grandfathered certain identified properties that were already engaged in short-term rentals as of 2011. It is not evident from the record why [Homeowner]'s use of their home for short-term rentals was not grandfathered, as they engaged in short-term rentals before the

---

[6] When a use once allowed is barred, it becomes a "nonconforming use." The City of Fredericksburg allowed for nonconforming uses when it adopted a broad new zoning regime in 2022. *See* Ordinances Art. V § 6.100.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

2011 grandfathering cut-off. The Village's excluding [Homeowner] from this grandfathered status, however, foreclosed [Homeowner]'s existing investment use of their property without an avenue for recoupment. We thus hold that [Homeowner] has identified a vested right for purposes of conferring the trial court with jurisdiction to enter a temporary injunction in [their] favor.

*Id.* In the *Village of Tiki Island* case, the Houston Court of Appeals upheld the temporary injunction granted to the Homeowner.

40.     This case and the *Village of Tiki Island* case are no different. Here, the Homeowners, like the homeowner in *Tiki Island*, invested in property, have outstanding contracts for such rentals, and made substantial improvements to their properties. All relied on the lack of any STR regulation prior to 2018. None have been afforded adequate recoupment – measured in several years – nor grandfathered status.

41.     Accordingly, the court should declare that City of Fredericksburg Ordinance No. 2022-13 and 2024- constitutes an unconstitutional regulatory taking. Further, that at a minimum, a recoupment period measurable in years, as established by proof at trial, must be afforded to the Homeowners, or in the alternative Homeowners must be given grandfathered status.

### 2.    *The Fredericksburg STR Ban Violates Due Process*

42.     Economic regulations, including zoning ordinances and restrictions on land use, are unconstitutional under Article I, § 19 of the Texas Constitution's due course of law requirements if either:

> (1) the statute's purpose could not arguably be rationally related to a legitimate government interest; or (2) when considered as a whole, the statute's actual, real-world effect as applied to the challenging party could not arguably be rationally related to, or is so burdensome as to be oppressive in light of, the government interest.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

*Patel v. Texas Dep't of Licensing & Regulation*, 469 S.W.3d 69, 87 (Tex. 2015); *see also Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 626-27 (Tex. 1996) (same, as applied to zoning in a substantive due process and equal protection case).

43.    The City has a legitimate interest in regulating noise, traffic, trash, and the like. But that governmental power does not sanction the elimination of homeowners' right to rent out their homes for any particular duration, and it certainly does not allow the city to regulate an imagined or theoretical "influx of non-residents into residential areas," which is a blatant attempt to violate various constitutional rights (movement, travel, equal protection, privileges and immunities) of everyone who is not a "resident" of the City of Fredericksburg or, when the ordinance is read more closely, even a Fredericksburg "resident" who does not reside in a particular "residential area" within Fredericksburg.

44.    The plaintiff Homeowners who do reside, whether permanently or temporarily, at their Fredericksburg properties are being denied the very income which allows them to keep and maintain their properties for themselves, effectively taking away their own property use and enjoyment in the guise of regulation of STR's. The STR ban would force those Homeowners to leave their properties vacant when they are not using them.

45.    The plaintiff Homeowners who do not reside at their rental properties are being denied rental income in a manner that is not rationally related to the protection of the public and is unduly burdensome or oppressive when considered in light of the alleged governmental interests it purports to address. Property owners in this state have historic, basic protection for their leasing rights; the STR ordinance not only dashes those rights, but represents the first step toward a broader anti-tenant, anti-visitor, surveillance state.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

46.     There is no reason to believe that any given home has more use, occupancy, or traffic just because it is rented for short durations. People come and go from homes freely at all times, as do their guests, friends, and other invitees. At any given snapshot in time, the occupants of a home are those, whether owners or tenants, who have a valid possessory interest or invitee status from those in possession. Thus, City's allegations of additional traffic over and above what existing use, occupancy, and traffic laws already allow is not even a rational reason to ban STR's if those allegations are true. The City could readily address any noise, traffic, or trash issues from any cause whatsoever through ordinary enforcement, which the City was not doing. The STR ban is therefore both irrational and oppressive in light of the allegations the City has made about the effects of STR's.

47.     Based on the foregoing, the Court should declare the City's STR ban violates the substantive due course of law/due process rights of the plaintiff Homeowners under Texas Constitutional Article I, § 19 under either prong of the standard set forth in *Patel*.

### B.     CLAIM FOR COMPENSATION FOR REGULATORY TAKING

48.     Paragraphs 1 through 47 of Plaintiffs' Original Petition are hereby incorporated by reference in this section.

49.     In addition to and/or in the alternative, Plaintiffs seek a judgment for an unconstitutional regulatory taking with the relief of either a specific recoupment period or else money compensation.

50.     An inverse condemnation may occur if the government unreasonably interferes with the owner's right to use and enjoy his or her property. *State v. Brownlow*, 319 S.W.3d 649,

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

652 (Tex. 2010); *Westgate, Ltd. v. State*, 843 S.W.2d 448, 452 (Tex.1992); *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex.2001). The essence of an inverse condemnation proceeding is that the government has intentionally taken or unreasonably interfered with an owner's use of property and the property owner is attempting to recover compensation for the lost or impaired rights. *See City of Abilene v. Burk Royalty Co.,* 470 S.W.2d 643, 646 (Tex. 1971).

51.     The *Penn Central* factors apply where a property has not been rendered valueless:

(1) the economic impact of the regulation on the claimant;

(2) the extent to which the regulation has interfered with distinct investment-backed expectations; and

(3) the character of the governmental actions.

*See Sheffield*, 140 S.W.3d at 672 (Tex. 2004).

52.     The **economic impact** is obvious because the City has forbidden a category of residential leasing according to duration. Plaintiffs have been precluded from participating in active, lucrative market for property rentals of less than 30 days which they were already engaged in before the new STR ordinance came into effect. Plaintiffs have lost profits as a result. Short-term rentals generate higher average rent than long-term leases, even after expenses. Those Plaintiffs who do not themselves occupy their properties lose profits now and in the future as compared to long-term renting. Those Plaintiffs who occupy their rental properties lose all or most rental income because they can only rent for short terms. Some of the plaintiffs cancelled leases in

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

the future; others still have committed leases/rentals for the future. All the plaintiffs anticipated years of time to recoup their investments.

53.    Plaintiffs have **reasonable, investment-backed expectations** in purchasing and improving homes for use as short-term rental properties based on the Fredericksburg ordinances prior to January 2022 and 2023-18 (effective 2024) and the course of Plaintiffs' dealings with City Officials which indicated that the status quo would be maintained. To the extent that Plaintiffs invested and improved properties in a way uniquely suited to furnished, short-term occupancy, they are entitled to be compensated. Several of the Plaintiffs cannot afford their homes but for the income they get from short-term rentals.

54.    The **character of the governmental action** is the City's adoption and enforcement of a municipal ordinance of a zoning character directly banning virtually all avenues of non-owner use of a single-family dwelling for less than 30 days where the non-owner's use has any arguable economic value, such as rental income or the owner's use of someone else's property. The Fredericksburg STR Ordinance is not of a general character but is instead directed precisely at owners of single-family dwellings who engage in such property use transactions or arrangements.

55.    Plaintiffs seek, in the first instance, a period of recoupment sufficient to offset the economic impact of the Fredericksburg STR ordinance, their lost profits, and their investment-backed expectations.

56.    In addition and/or in the alternative, Plaintiffs seek money in compensation for the regulatory takings at issue.

57.    The sums claimed exceed the minimum jurisdiction of the district court.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

### C.    APPLICATION FOR TEMPORARY RESTRAINING ORDER

58.    Paragraphs 1 through 57 of Plaintiffs' Original Petition are hereby incorporated by reference in this section.

59.    Plaintiffs' application for a temporary injunction is authorized by Tex. Civ. Prac. & Rem. Code §65.011(1), (2), (3), and (5) as well as Texas Rules of Civil Procedure 680.

60.    Plaintiffs ask the court to restrain Defendant from enforcing City of Fredericksburg Ordinance No. 2022-13 and 2023-18 (effective 2024), whether broadly as to all owners, or else narrowly as to persons who had been renting for short term prior to January 2022.

61.    It is probable that Plaintiffs will prevail over Defendant after a trial on the merits. The *Village of Tiki Island* case is analogous and persuasive concerning Plaintiffs' constitutional claims. The law is clear that a city cannot bar STR's without allowing owners who relied on the prior state of the law a recoupment period or else grandfathered status.

62.    It is likewise probable that Plaintiffs substantive due process claim will prevail. The City of Fredericksburg has no findings or any rational basis for outright banning leasing based on duration, whether as an end in itself or as a means to ameliorate traffic, noise, parking, or trash issues. The STR ban violates both prongs of the *Patel* due course of law/due process standard and is therefore unconstitutional.

63.    In addition, Fredericksburg's STR ban facially undermines and thwarts the Texas Hotel Occupancy Tax, which was amended in 2015 expressly to generate revenue from the rental of homes for less than 30 days. The City has taken revenue away from the State. That, alone or

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

combination with the regulation of the field of residential leasing at Texas Property Code Chapter 92, results in preemption.

64.     If Plaintiffs' application is not granted, harm is imminent. Plaintiffs' ability to use and enjoy their own property will be harmed or taken. That is particularly true where the income from STR's allows owners to afford their homes. The Homeowners will lose money they invested in their properties. They will be forced to breach contracts in force for future performance, thereby becoming liable for damages. Homeowners who rely on the rental income for living needs or other important needs will lose that source of income in whole or in part.

65.     The harm that will result if the temporary restraining order is not issued is irreparable. Denial of a constitutional right inflicts irreparable injury as a matter of law. *Southwestern Newspapers Corp. v. Curtis*, 584 S.W.2d 362, 368 (Tex. Civ. App. –Amarillo 1979, no writ); *see also* 11A Wright & Miller, Federal Practice & Procedure, §2948.1(3d ed. 1998) ("When an alleged deprivation of a constitutional right is involved,…most courts hold that no further showing of irreparable injury is necessary."); *ODonnell v. Harris Cty., Texas,* 251 F. Supp. 3d 1052, 1157 (S.D. Tex. 2017), *aff'd as modified*, 882 F.3d 528 (5th Cir. 2018), *and aff'd as modified sub nom. ODonnel v. Harris Cty.*, 892 F.3d 147 (5th Cir. 2018). In any event, the ban precludes owner-occupants or owners of second/vacation homes from ever renting out their properties since they only have short terms available to them. Owners who service debt based on short-term rental income will not be able to service their debt and will be forced to sell or else face foreclosure. Owners' basic right to use their property for ordinary residential purposes, a right sanctified by Texas common law and the U.S. and Texas Constitutions, will be taken away forever.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

66.     Plaintiffs have no adequate remedy at law. The City is generally immune from suits for damages stemming from regulatory action. *Texas Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). The only route to vindication of constitutional claims is via declaratory judgment to declare constitutional rights and obtain equitable relief. *Patel v. Texas Dep't of Licensing & Regulation*, 469 S.W.3d 69, 76 (Tex. 2015) (statute requiring inordinate training for eyebrow threading determined unconstitutional, and sovereign immunity was waived because only equitable relief was sought). In any event, money cannot compensate for the denial of constitutional rights.

67.     Plaintiffs are willing to post bond. Bond should be nominal in light of the plain constitutional defects. In addition, there is no way to measure in dollar terms any harm that would befall the City if owners who had been renting for short terms merely continue doing so. Indeed, the City will benefit from homeowners' payment of local hotel occupancy tax.

### D.    REQUEST FOR TEMPORARY INJUNCTION

68.     Paragraphs 1 through 67 of Plaintiffs' Original Petition are hereby incorporated by reference in this section.

69.     Plaintiffs ask the Court to set their request for temporary injunction for a hearing, following which the court should issue a temporary injunction against Defendant.

70.     Plaintiffs have joined all indispensable parties under Texas Rules of Civil Procedure 39.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

**D.    REQUEST FOR PERMANENT INJUNCTION**

71.    Paragraphs 1 through 26 of Plaintiffs' Original Petition are hereby incorporated by reference in this section.

72.    Plaintiffs ask the Court to set their request for permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against Defendant.

## VIII.    REQUEST FOR ATTORNEY FEES

73.    For their declaratory judgment claims, Plaintiffs seek such reasonable and necessary attorney's fees as are equitable and just under Tex. Civ. Prac. & Rem. Code § 37.009.

## IX.    CONDITIONS PRECEDENT

74.    All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## X.    PRAYER FOR RELIEF

75.    WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully pray that an ex parte Temporary Restraining Order be issued, that Defendant be cited to appear and answer herein, and upon final hearing or trial hereof, Plaintiffs be awarded a judgment against Defendant for declaratory judgment as set forth more fully herein and/or compensation in the form of an order for a recoupment period and/or money for a regulatory taking; temporary and permanent injunctions; post-judgment interest at the legal rate; costs of court; reasonable attorney's fees and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

Respectfully submitted:

REEH & SCHWING LAW FIRM


/s/ *Welsley K. Reeh*
Welsley K. Reeh
Texas Bar No. 24107960
Email:  wreeh@reehandschwinglaw.com
Robert "Britt" Schwing
Texas Bar No. 24126122
Email:  rschwing@reehandschwinglaw.com
1403 Cross Street
Fredericksburg, TX 78624
Tel. (830) 992-8358
Fax. (830) 715-4788

***Attorneys for Plaintiffs***

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

CAUSE NO. __24-17840CCL__

| | | |
|---|---|---|
| JOSEPH BRILLHART, LAURA BRILLHART, AND SALLY CLARK | § § § | IN THE DISTRICT COURT |
|     Plaintiffs, | § § | |
| V. | § § | 216th JUDICIAL DISTRICT |
| CITY OF FREDERICKSBURG | § § | |
|     Defendant, | § | OF GILLESPIE COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

On the __ of June 2024, the Application for a Temporary Restraining Order of Joseph Brillhart, Laura Brillhart, and Sally Clark, Plaintiffs herein, was heard before this court.

Based upon the pleadings, records, documents filed by counsel, IT CLEARLY APPEARS:

A.     That unless the City of Fredericksburg, Defendant, is immediately restrained from enforcing City of Fredericksburg Ordinance No. 2022-13 and 2023-18 (effective 2024), as to all owners who had been renting their property as a short-term rental prior to January 2022, harm is imminent and irreparable, as denial of a constitutional right inflicts irreparable injury as a matter of law.

B.     There is no adequate remedy at law to grant Plaintiffs complete, final and equal relief.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the City of Fredericksburg, Defendant herein, and all of Defendant's officers, agents, servants, employees, agents, servants, successors and assigns, and attorneys are ORDERED to immediately cease and desist from enforcing City of Fredericksburg Ordinance No. 2022-13 and 2023-18 (effective 2024), as to all owners who had been renting their property as a short-term rental prior to January 2022, from the date of entry of this order until fourteen (14) days thereafter, or until further order

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

of this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Application for Temporary Injunction be heard on the _____ of _____ 2024 at _____ __.M in the 216th Judicial District Court.  Defendant the City of Fredericksburg is commanded to appear at that time and show cause, if any exist, why a temporary injunction should not be issued against said Defendant.

The clerk of the above-entitled court shall issue a temporary restraining order in conformity with the law and the terms of this order upon the filing by Plaintiff of the bond hereinafter set.

This order shall not be effective until Plaintiff deposits with the Clerk, a bond in the amount of $_____ in conformity with the law.

SIGNED and ENTERED on the ____ of June 2024 at _____ ___.M.


_____
PRESIDING JUDGE



**Prepared by and Return to:**

Reeh & Schwing Law Firm
1403 Cross Street
Fredericksburg, TX 78624
Tel: (830) 992-8358
Fax: (830) 715-4788

Exhibit A 1

## AFFIDAVIT OF JOSEPH C. BRILLHART

STATE OF TEXAS          §
                                     §

COUNTY OF GILLESPIE     §

Before me, the undersigned authority, on this day personally appeared Joseph C. Brillhart, who being duly sworn on his oath, deposed and said as follows:

1.       "My name is Joseph C. Brillhart. I am over the age of 18 and competent to make this Affidavit. I have never been convicted of a felony or a crime of moral turpitude, and I am qualified to give testimony under oath. I have personal knowledge of all of the facts presented in this affidavit and those facts are true and correct.

2.       I am an individual residing in Gillespie County, TX.

3.       I am the owner of real property located at 416 S. Milam, Fredericksburg, Texas 78624 (the "Property").

4.       I first began renting the Property as a short-term rental around 2015. Wanting the Property to be an inviting and safe environment for guests, I invested my money and time in valuable improvements to the Property including furnishing and decorating the Property to be appealable to potential renters. In 2018, I invested over $35,000 to build a breezeway connecting the buildings on the Property to conform with the City's ordinances. Renting out the Property has given me the supplemental income that I need in order to afford living in Fredericksburg and not defaulting on the property mortgage. My career in Fredericksburg was as a high school teacher and the salary I received was not enough to cover the living costs here for me and my family. I have been able to use the income from the short-term rental to pay for the debt and expenses related to the Property, to pay back my investment in the improvements, and to supplement my income overall. I expected to

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

be able to lease the Property for short term rentals throughout my ownership of the Property and had no reason to believe otherwise as I had rented the Property since 2015 and was permitted to do by the City in 2018 when I acquired the STR permit.

5. Prior to 2018, there were few restrictions or regulations regarding the short-term renting of homeowner's properties.

6. Beginning in 2018, the City of Fredericksburg passed an ordinance that made the operation of a short-term rental more restrictive and required registration and inspections in order to meet city created standards that were not previously present.

7. I advertise my Property through AirBnB, Absolute Charm Short-Term Rentals, and First Class. I contracted with renters through the aforementioned services to rent the property for short time term periods. I did so because the profit or revenue generated from short-term leasing was considerably more than that of long-term leasing, and I previously stated I depended on this income. I paid city short term hotel occupancy taxes ("HOT") and the City of Fredericksburg has accepted all of my HOT payments related to the short-term rental of my Property.

8. Renting out the Property for short term rentals allows for more renting opportunities but requires different improvements and hands on management than a long-term rental, such as providing furnishings and generally making the Property live-in ready and attractive, like a home away from home, and thus more investment and improvements are required. The various financial decisions and responsibilities are different than for long-term rentals and generally assume greater gross rental revenue as compared to long-term rentals, but also generally greater investment and personal time spent upkeeping the Property.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

9.      Since the 2018 ordinance, the city kept moving the goal posts on keeping up with the registration and inspection requirements in order to operate a short-term rental. For which I was willing and made several attempts to work with City officials. Due to delays outside of my control, or even that were on the part of the City officials themselves, once the deadline to renew my permit passed all doors became shut. There was no regard taken that I was in communication with these same officials and had made various attempts to renew my permit long before the deadline arrived.

10.     Despite this, I continued my effort to have my permit renewed as I had operated and relied on the income from my property as an STR since 2015, as well as after 2018 when the first of the STR ordinances went into effect and I made several costly improvements to the property to comply with those ordinances. However, despite my property having a long history of operating as an STR, suddenly because one or two properties abutting my own did not also have an STR permit, my ability to rent out my Property was taken by the city, something that made little to no sense to me at the time and still does not.

11.     I have received several citations from the City of Fredericksburg stating that the short-term renting of the Property is a violation of the STR Ordinances and if convicted, I would be fined up to $1,000 per occurrence. However, I only operated the Property as an STR in reliance on the fact that I had so freely in 2015 and even in 2018 when I did obtain a permit that I would be able to continue to renew permit.

12.     The banning of short-term rentals will prevent me from receiving the supplemental income I rely on. Prior to the STR Ordinances, I intended to continue to lease the Property for short term rentals into the foreseeable future. I expected to receive income comparable

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

and probable in excess of the income I received since 2015. To date the debts on the Property have not been fully paid and without STR income there is a very real likelihood of possible foreclosure of a Property that has been in my family for decades.

13.    I would not have made the improvements and investment in the Property had I known that the City of Fredericksburg would effectively ban short term rentals.

14.    Long term rentals would not provide rental income sufficient for me to carry the Property or pay off my investments in them. Recoupment for my investments would require years, and even then, the bar on short-term rentals would prevent me from using my Property in the way I prefer and have previously enjoyed, which is the flexibility afforded by short-term tenants.

**FURTHER AFFIANT SAYETH NOT.**

_____
Joseph C. Brillhart

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the 19th day of June 2024, to certify which witness my hand and official seal.

_____

NOTARY PUBLIC IN AND FOR

THE STATE OF TEXAS

WELSLEY KATHRYN REEH
Notary Public, State of Texas
Comm. Expires 08-22-2026
Notary ID 131692925

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

Exhibit B-1

## **AFFIDAVIT OF SALLY S. CLARK**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF GILLESPIE | § |

Before me, the undersigned authority, on this day personally appeared Sally S. Clark, who being duly sworn on her oath, deposed and said as follows:

1.      "My name is Sally S. Clark. I am over the age of 18 and competent to make this Affidavit. I have never been convicted of a felony or a crime of moral turpitude, and I am qualified to give testimony under oath. I have personal knowledge of all of the facts presented in this affidavit and those facts are true and correct.

2.      I am an individual residing in Gillespie County, TX.

3.      I am the owner of real property located at 208 W. Travis, Fredericksburg, Texas 78624 (the "Property").

4.      I first began renting the Property as a short term rental around 2017. Wanting the Property to be an inviting and safe environment for guests, I invested my money and time in valuable improvements to the Property including furnishing the Property. I have been able to use the income from the short term rental to pay for the debt and expenses related to the Property, to pay back my investment in the improvements, and to supplement my income as I am a retired author and rely on the additional income for the high living expenses in Fredericksburg. I expected to be able to lease the Property for Short term rentals throughout my ownership of the Property and had no reason to believe otherwise as I had rented the Property since 2017 and was permitted to continue to do so by the City in 2018 when I acquired the STR permit.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

5.      Prior to 2018, there were few restrictions or regulations regarding my operating and short-term renting of homeowner's properties.

6.      Beginning in 2018, the City of Fredericksburg began to pass laws that made the operation of a short-term rental more restrictive and required registration and inspections in order to meet city created standards that were not previously present.

7.      I advertise my Property through AirBnB, Absolute Charm Short-Term Rentals, and First Class. I contracted with renters through the aforementioned services to rent the property for short time term periods. I did so because the profit or revenue generated from short-term leasing was considerably more than that of long-term leasing, and I previously stated I depended on this income.  I paid city short term hotel occupancy taxes ("HOT") and the City of Fredericksburg has accepted all of my HOT payments related to the short-term rental of my Property

8.      Renting out the Property for short term rentals allows for more renting opportunities but requires different improvements and hands on management than a long-term rental, such as providing furnishings and generally making the Property live-in ready and attractive, like a home away from home, and thus more investment and improvements are required. The various financial decisions and responsibilities are different than for long-term rentals and generally assume greater gross rental revenue as compared to long-term rentals, but also generally greater investment and personal time spent upkeeping the Property.

9.      Since the 2018 ordinance, the city kept moving the goal posts on keeping up with the registration and inspection requirements in order to operate a short-term rental. For which I was willing and made several attempts to work with City officials. Due to delays

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

outside of my control, or even that were on the part of the City officials themselves, once the deadline to renew my permit passed all doors became shut. There was no regard taken that I was in communication with these same officials and had made various attempts to renew my permit long before the deadline arrived.

10.     Despite this, I continued my effort to have my permit renewed as I had operated and relied on the income from my property as an STR before 2018, as well as after 2018 when the first of the STR ordinances went into effect and I made several costly improvements to the property to comply with those ordinances. However, despite my property having a long history of operating as an STR, suddenly because one or two properties abutting my own did not also have an STR permit, my ability to rent out my Property was taken by the city, something that made little to no sense to me at the time and still does not.

11.     I have received several citations from the City of Fredericksburg stating that the short-term renting of the Property is a violation of the STR Ordinances and if convicted, I would be fined up to $1,000 per occurrence. However I operated the Property as an STR in reliance on the fact that I had done so freely in 2017 and even in 2018 when I did obtain a permit that I would be able to continue to renew permit and lease my property as a short-term rental.

12.     The banning of short-term rentals will prevent me from receiving expected profits going forward. Prior to the 2024 STR Ordinance, I intended to continue to lease the Property for short term rentals into the foreseeable future. I expected to receive income comparable and probable in excess of the income I received since 2017.

Filed 6/19/2024 1:44 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

13.     I would not have made the improvements and investment in the Property had I known that the City of Fredericksburg would effectively ban short term rentals and refuse my ability to renew my STR permit.

14.     Long term rentals would not provide rental income sufficient for me to carry the Property or pay off my investments in them. Recoupment for my investments would require many years, especially as someone retired and not working, and even then, the bar on short-term rentals would prevent me from using my Property in the way I prefer and have previously enjoyed, which is the flexibility afforded by short-term tenants.

**FURTHER AFFIANT SAYETH NOT.**

Sally S. Clark

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the 19th day of June 2024, to certify which witness my hand and official seal.



WELSLEY KATHRYN REEH
Notary Public, State of Texas
Comm. Expires 08-22-2026
Notary ID 131692925

NOTARY PUBLIC IN AND FOR

THE STATE OF TEXAS

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Welsley Reeh on behalf of Welsley Reeh
Bar No. 24107960
wreeh@reehandschwinglaw.com
Envelope ID: 88970108
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 6/19/2024 3:48 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert Schwing | | rschwing@reehandschwinglaw.com | 6/19/2024 1:44:50 PM | SENT |
| Welsley Reeh | | wreeh@reehandschwinglaw.com | 6/19/2024 1:44:50 PM | SENT |

ORDER TRANSFERRING CASE

Filed 6/21/2024 11:51 AM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

**Cause No. 24-17840CCL**

| | | |
|---|---|---|
| **JOSEPH BRILLHART** | )( | **IN THE COUNTY COURT** |
| **LAURA BRILLHART AND** | )( | |
| **SALLY CLARK** | )( | **AT LAW** |
| **VS** | )( | |
| **CITY OF FREDERICKSBURG** | )( | **GILLESPIE COUNTY, TEXAS** |

## ORDER TRANSFERRING CASE

The Court, having reviewed the face of the Original Petition, FINDS that the amount in controversy exceeds the jurisdictional limit of the Gillespie County Court at Law, alleging $1,000,000 in damages above the $250,000 limit of the Court.

Therefore, the Court HEREBY ORDERS that this matter be TRANSFERED to the 216th District Court, Gillespie County, Texas.

SIGNED this ___21___ day of June, 2024.

_____
Hon. Christopher G. Nevins
Judge Presiding

cc:    Judge Albert D. Pattillo, III: cmc@co.kerr.tx.us
        Gillespie County District Clerk
        Welsley K. Reeh: wreeh@reehandschwinglaw.com, rschwing@reehandschwinglaw.com, office@reehandschwinglaw.com

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 89055314
Filing Code Description: No Fee Documents
Filing Description: Order Transferring Case
Status as of 6/21/2024 12:00 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Welsley Reeh | | wreeh@reehandschwinglaw.com | 6/21/2024 11:51:32 AM | SENT |
| Robert Schwing | | rschwing@reehandschwinglaw.com | 6/21/2024 11:51:32 AM | SENT |

Copy from re:SearchTX

Cause No. 24-17840
Register of Court Transactions

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back                    Location : All Courts   Help

# REGISTER OF ACTIONS
### CASE NO. 24-17840

**Joseph Brillhart, Laura Brillhart, and Sally Clark vs. City of Fredericksburg**

§
§
§
§
§

Case Type: **Other Civil Cases**
Date Filed: **06/19/2024**
Location: **216th District Court**

---

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| **Defendant** | **City of Fredericksburg** | | |
| **Plaintiff** | **Brillhart, Joseph** | | **Welsley K. Reeh**<br>*Retained*<br>830-992-8358(W) |
| **Plaintiff** | **Brillhart, Laura** | | **Welsley K. Reeh**<br>*Retained*<br>830-992-8358(W) |
| **Plaintiff** | **Clark, Sally** | | **Welsley K. Reeh**<br>*Retained*<br>830-992-8358(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 06/19/2024 | **Original Petition**<br>*with request for termporary restraining order* |
| 06/21/2024 | **Transferred To District Court** |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff** Brillhart, Joseph | | |
| Total Financial Assessment | | 582.00 |
| Total Payments and Credits | | 582.00 |
| **Balance Due as of 06/24/2024** | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 06/19/2024 | Transaction Assessment | | | 582.00 |
| 06/19/2024 | E-File Payment | Receipt # DC-40074 | Brillhart, Joseph | (445.00) |
| 06/19/2024 | State Credit | | | (137.00) |