IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSEPH BRILLHART, LAURA BRILLHART, SALLY CLARK, TRAVIS DUSEK, QUYNN DUSEK, STEVEN SCOTT, ELLEN SCOTT, CURT HARLAN, MISTY HARLAN, AND STEVE JONES <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> CITY OF FREDERICKSBURG, <br><br> Defendant/Counter-Plaintiff. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:24-CV-00701-RP |

**DEFENDANT/COUNTER-PLAINTIFF CITY OF FREDERICKSBURG'S VERIFIED COUNTERCLAIM AGAINST PLAINTIFFS/COUNTER-DEFENDANTS TRAVIS DUSEK, QUYNN DUSEK, STEVEN SCOTT, ELLEN SCOTT, CURT HARLAN, MISTY HARLAN, AND STEVE JONES AND REQUEST FOR PERMANENT INJUNCTIVE RELIEF**

TO THE HONORABLE ROBERT PITMAN:

NOW COMES Defendant and Counter-Plaintiff City of Fredericksburg (the "City") and files its Verified Counterclaim and Request for Permanent Injunctive Relief in the above civil action and would show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.01   The parties are operating under an Agreed Second Amended Scheduling Order [Doc. 44] dated May 12, 2025.

## II.  PARTIES

2.01   Joseph Brillhart, Laura Brillhart (collectively referred to as "the Brillharts"), and Sally Clark ("Clark") are Plaintiffs/Counter-Defendants in the pending suit and are already before this Court.

2.02   Travis Dusek and Quynn Dusek (collectively referred to as "the Duseks"); Steven Scott and Ellen Scott (collectively referred to as "the Scotts"); Curt Harlan and Misty Harlan (collectively referred to as "the Harlans"); and Steve Jones ("Jones") are newly added Plaintiffs currently before this Court.

2.03   City of Fredericksburg, Defendant and Counter-Plaintiff, is a Home Rule Municipality as defined in Chapter 5 of the Local Government Code of the State of Texas.

## III.  JURISDICTION AND VENUE

3.01.   The City's Home Rule Charter grants the City the authority to enforce its ordinances, including short-term rental regulations.

3.02.   This counterclaim is brought pursuant to the City's Home Rule Charter, Texas Local Government Code Sections 54.012 and 211.012 and Section 125.002(b) of the Texas Civil Practice and Remedies Code.

3.03   This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1367. This case was previously removed based upon federal question jurisdiction. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C.A. § 1331."  As such, this Court has supplemental jurisdiction over the City's counterclaims pursuant to Section 1367(a), which provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C.A. § 1367(a).

## IV. VERIFIED FACTUAL BACKGROUND

4.01   A signed verification by the City's Code Enforcement Officer in support of the City's Verified Counterclaim is attached hereto as Exhibit 1.

4.02   The City is a duly incorporated municipality with authority to regulate short-term rentals pursuant to state law and local ordinance. Section 6.300 of the City Zoning Ordinance states that "[i]t shall be a violation of this Ordinance for any person, firm, or corporation to neglect, refuse to comply with, or resist the enforcement of any provision of this Ordinance or any requirements pursuant thereto, or in any way use, change, or construct a building or structure in nonconformity with zoning approval. Each day that such violation exists shall constitute a separate offense." A copy of this ordinance is attached as Exhibit 2.

4.03   On January 2, 2018, the City adopted Ordinance No. 28-001, codified at the City of Fredericksburg Code of Ordinances Chapter 23. This ordinance required Short Term Rental ("STR") Permits for all short-term rentals of privately-owned dwellings located within the city limits.

> Sec. 23-102. Short Term Rental Permit required.
>
> It shall be unlawful for any person or entity to rent, or offer to rent, any Short Term Rental without a valid Short Term Rental Permit issued under this Article.

City of Fredericksburg Code of Ordinances § 23-102; see also City of Fredericksburg Code of Ordinances § 23-101(F) (defining "short term rental"). The STR permit regulations were subsequently amended, after public notice and hearing, on April 1, 2022, and November 7, 2023.

  4.04 Counter-Defendants do not have valid permits to operate their respective properties as STRs as required by the City's zoning regulations and as further described below.

    a. The property owned by the Duseks had a valid STR permit issued to a prior owner that was transferred in June of 2021, and expired on June 27, 2022. The Duseks failed to even attempt to obtain a new permit until February 2024, despite the language on the initial permit stating that annual renewals were required.

    b. The property owned by the Scotts never had a valid STR permit for the structure currently located on the property. The Scotts purchased their property on October 11, 2024, and inherited a convoluted history of unsuccessful attempts to obtain an STR permit t. An STR permit application was filed for the property on March 30, 2022, one day before the City's 2022 ordinance took effect and prohibited new STRs from operating in this property's zoning district. The then-owner of the property undertook an unauthorized demolition of the structure while the permit was pending. Following notice from the City, that owner retroactively applied for a demolition permit on May 5, 2022. After the demolition, the reconstructed structure was expanded. As a result, the owner was advised to obtain a conditional use permit to allow the expansion of a nonconforming use in accordance with Section 6.110. No such application was made. The property was sold on January 28, 2024; that purchaser was also advised on August 21,

2024, to obtain a conditional use permit to enlarge the use in order to obtain an STR permit.[1] Again, no such application was made, nor have the Scotts attempted to make such application.

      c.      The Harlans possessed a lawful STR permit, issued on August 29, 2023, and allowed their permit to lapse following its expiration on August 9, 2024. Their property is located in a zoning district in which STRs are not permitted by right, and nonconforming uses must be maintained in accordance with Section 6.110 of the City's zoning ordinance, which states that "if a non-conforming use or any portion thereof is voluntarily discontinued for a period of 90 days, any future use of such land or portion thereof shall be in conformity with the regulations of the district in which such land or portion thereof is located." Fredericksburg Municipal Code, Appx. A, § 6.110 (2023). Thus, if a property owner voluntarily discontinues a legal nonconforming use for 90 days or more, they abandon any rights to operate that nonconforming use. The 90-day period for the abandonment of lawful nonconforming use rights expired on November 9, 2024, and the permit was not renewed prior to this date.

      d.      Jones possessed a lawful STR permit, issued on September 21, 2021, for his condominium property. On August 8, 2023, the owner's agent informed the City that the property was no longer an STR; rather, it had been converted to a long-term rental use. The STR permit expired on August 31, 2023. The STR ordinance that took effect on January 1, 2024, did not permit STRs to operate in condominiums. Therefore, at that time, any lawful STR operations in condominiums became legal nonconforming uses. Pursuant to Section 6.110 of the zoning ordinance, Jones's nonconforming use rights, if any, were voluntarily abandoned on March 31,

---

1. Counsel for the Scotts is likely aware of these circumstances, as they also represented the prior property owner, Meneer LLC, in obtaining a determination that pursuing the CUP was the appropriate avenue for obtaining an STR permit.

VERIFIED COUNTERCLAIM OF DEFENDANT/COUNTER-PLAINTIFF
CITY OF FREDERICKSBURG                                                               Page 5

2024. He did not notify the City of his intention to obtain a new permit until May 18, 2024. By voluntarily abandoning his nonconforming use rights, he intentionally relinquished his rights to obtain an STR permit for the property.

4.05   Despite the lack of valid STR permits, upon information and belief, Counter-Defendants the Harlans continue to operate their respective properties as STRs after the expiration of their STR permits in violation of the City's zoning ordinances.

## V.   CAUSES OF ACTION

**COUNT ONE:**   **Permanent Injunctive Relief under Chapter 54 of the Texas Local Government Code.**

5.01.   The City incorporates the allegations in the preceding paragraphs as if fully set forth herein.

5.02.   This cause of action arises under Subchapter (B) of Chapter 54 of the Texas Local Government Code, which provides that municipality may bring a civil action for the enforcement of an ordinance to include "for zoning that provides for the use of land or classifies a parcel of land according to the municipality's district classification scheme."   Tex. Loc. Gov't Code § 54.012.

5.03.   Pursuant to Section 54.016(b) of the Texas Local Government Code, there is no requirement that the City show it lacks an adequate remedy at law.

5.04.   As a matter of law, the City, a municipality, is not required to post a bond to obtain injunctive relief requiring Counter-Defendants to comply with the City Code. See Tex. Civ. Prac. & Rem. Code § 6.02.

5.05.   The City requests that the Court issue a permanent injunction ordering any Counter-Defendants currently engaging in short-term rental operations at the subject properties to

immediately cease and desist from operating their respective properties as short-term rentals without valid permits.

**COUNT TWO:    Permanent Injunctive Relief under Chapter 211 of the Texas Local Government Code.**

5.06.    The City incorporates the allegations in the preceding paragraphs as if fully set forth herein.

5.07.    In the alternative, the City is also entitled to injunctive relief in order to enforce its zoning ordinances, without a showing of substantial danger of injury or an adverse health impact, pursuant to Section 211.012(c) of the Texas Local Government Code, which provides:

> (c)    If a building or other structure is erected, constructed, reconstructed, altered, repaired, converted, or maintained or if a building, other structure, or land is used in violation of this subchapter or an ordinance or regulation adopted under this subchapter, the appropriate municipal authority, in addition to other remedies, may institute appropriate action to:
>
> (1) prevent the unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance, or use;
>
> (2) restrain, correct, or abate the violation;
>
> (3) prevent the occupancy of the building, structure, or land; or
>
> (4) prevent any illegal act, conduct, business, or use on or about the premises.

Tex. Loc. Gov't Code § 211.012(c).    This injunction may prohibit specific conduct that violates the ordinance and/or require specific conduct that is necessary for compliance with the ordinance.

5.08.    In order to obtain injunctive relief pursuant to Section 211.012, the City is required only to prove violation of the zoning ordinance.  *See Hollingsworth v. City of Dallas*, 931 S.W.2d 699, 702 (Tex. App.—Dallas 1996, writ den'd).

5.09.    As a matter of law, the City, a municipality, is not required to post a bond to obtain

injunctive relief requiring the Counter-Defendants to comply with the City Code. See Tex. Civ. Prac. & Rem. Code § 6.02.

5.10. The City requests that the Court issue a permanent injunction ordering Counter-Defendants to immediately cease and desist from operating the Property as a short-term rental without a valid permit.

**COUNT THREE:   Request for Statutory Civil Penalties pursuant to Chapter 54 of the Texas Local Government Code.**

5.11. The City incorporates the allegations in the preceding paragraphs as if fully set forth herein.

5.12. Counter-Defendants' violations of the City's ordinances subject Counter-Defendants to civil penalties of up to $1,000.00 per day pursuant to Chapter 54, Texas Local Government Code.

5.13. The City seeks recovery of civil penalties for each day Counter-Defendants have violated the short-term rental ordinance.

5.14. The City also seeks an award of the pre- and post-judgment interest in the amounts authorized by law.

## VI.   REQUEST FOR ATTORNEYS' FEES

6.01   The City seeks recovery of its reasonable attorneys' fees and costs incurred in prosecuting this action pursuant to Tex. Loc. Gov't Code § 54.039.

## VII.   CONDITIONS PRECEDENT

7.01   All conditions precedent to the City's counterclaim and all claims for relief have been performed or have occurred.

## VIII. PRAYER

**WHEREFORE**, for the reasons stated, Defendant/Counter-Plaintiff The City of Fredericksburg respectfully requests that the Court grant the following relief against Plaintiffs/Counter-Defendants Travis Dusek, Quynn Dusek, Steven Scott, Ellen Scott, Curt Harlan, Misty Harlan, and Steve Jones:

(1) A preliminary injunction enjoining Counter-Defendants from operating a short-term rental within the City of Fredericksburg, Texas without a valid short-term rental permit;

(2) A permanent injunction enjoining Counter-Defendants from operating a short-term rental within the City of Fredericksburg, Texas without a valid short-term rental permit;

(3) Judgment for statutory penalties and accrued interest;

(4) Reasonable attorneys' fees, costs, and expenses;

(5) Pre-and post-judgment interest as allowed by law; and

(6) Such other and further relief to which The City may be entitled.

Respectfully submitted,

*/s/ William M. McKamie*

William M. McKamie
Texas Bar No. 13686800
mmckamie@toase.com

Ashley D. Dierker
Texas Bar No. 24065399
adierker@toase.com

Tammy Ardolf
Texas Bar No. 90001536
tardolf@toase.com

Rachel Raggio
Texas Bar No. 24126598
rraggio@toase.com

**Taylor Olson, Adkins, Sralla & Elam, L.L.P.**
6000 Western Place
Suite 200
Fort Worth, Texas   76107
Phone: 817-332-2580
Fax: 817-332-4740

**ATTORNEYS FOR
DEFENDANT/COUNTER-PLAINTIFF
CITY OF FREDERICKSBURG**

### CERTIFICATE OF SERVICE

On May 15, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case file system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

**Welsley K. Reeh
Email:   wreeh@reehandschwinglaw.com**

**Robert "Britt" Schwing
Email:   rschwing@reehandschwinglaw.com**

**Reeh & Schwing Law Firm
1403 Cross Street
Fredericksburg, Texas   78624**

*/s/ William M. McKamie*

William M. McKamie